**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000174
09-DEC-2011
08:56 AM**

NO. CAAP-10-0000174

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JASON GREENWELL, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 09-1-0088 (CRIMINAL NO. 07-1-1198))


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Jason Greenwell ("Greenwell") appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Order"), filed on November 8, 2010, in the Circuit Court of the First Circuit ("Circuit Court").[1]

At a change-of-plea hearing on February 25, 2008, Greenwell pled no contest to Count 1, Unauthorized Entry into Motor Vehicle in the First Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-836.5 (Supp. 2010); Count 2, Credit Card Theft, in violation of HRS § 708-8102 (1993); and Count 3, Unauthorized Possession of Confidential Personal Information, in violation of HRS § 708-839.55 (Supp. 2010).  On September 10, 2008, the Circuit Court entered judgment and sentenced Greenwell to five years of imprisonment on each count, with the sentence for Count 1 to be served consecutive to the sentences on Counts 2 and 3, which ran concurrently.

Fifteen months later, on December 7, 2009, Greenwell filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Petition").  On November 8,

---

[1]   The Honorable Dexter D. Del Rosario presided.

2010, the Circuit Court denied Greenwell's Petition without a hearing, finding that Greenwell's claims were "patently frivolous and without a trace of support[.]"

On appeal, Greenwell claims that the Circuit Court erred in denying his Petition because (1) his attorney, Frank Fernandez ("Attorney Fernandez"), was ineffective because he failed to interview the complaining witness ("CW") or to adequately investigate the case, (2) Attorney Fernandez was ineffective because he falsely informed Greenwell that he had reached a plea agreement with the State under which Greenwell would serve a single 5-year term of imprisonment, and (3) the Circuit Court failed to ask Greenwell whether his intention to plead no contest resulted from any plea agreement, as required by Rule 11 of the Hawaii Rules of Penal Procedure ("HRPP").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Order and resolve Greenwell's points of error as follows:

(1) It is not error to deny an HRPP Rule 40 petition without a hearing when the petition fails to state a colorable claim. *Barnett v. State*, 91 Hawaiʻi 20, 26, 979 P.2d 1046, 1052 (1999) (quoting *State v. Allen*, 7 Haw. App. 89, 92, 744 P.2d 789, 792 (1987)). Greenwell makes no showing of a colorable claim that he received ineffective assistance of counsel because Attorney Fernandez allegedly failed to interview the CW or to properly investigate his case. The Hawaiʻi Supreme Court has previously stated:

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict[;] however, a petitioner's conclusions need not be regarded as true. Where examination of the record . . . indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.

*Barnett*, 91 Hawaiʻi at 26, 979 P.2d at 1052 (quoting *Allen*, 7 Haw. App. at 92, 744 P.2d at 792).

Greenwell does not explain how any alleged failure to investigate or interview the CW resulted in the withdrawal or

substantial impairment of a potentially meritorious defense. *See State v. Hoff*, No. 29189, 2009 WL 1280729, at *2 (Haw. App. May 11, 2009) (assertion that counsel failed to investigate not supported by any specific allegations regarding what counsel did or failed to do or how any alleged failure to investigate resulted in withdrawal or substantial impairment of a potentially meritorious defense). Greenwell provides no basis for us to conclude that the CW was available or had not been interviewed by Attorney Fernandez; that any such omission reflected Attorney Fernandez's lack of skill, judgment, or diligence; or that it resulted in the withdrawal or substantial impairment of a potentially meritorious defense.[2] *See State v. Antone*, 62 Hawai'i 346, 348–49, 615 P.2d 101, 104 (1980). In addition, paragraph 11 of the No Contest Plea form ("Form") states that Greenwell had no complaints about his lawyer and was satisfied with what he had done for him.

Under the circumstances, we conclude that no colorable claim was established that Greenwell entered his no contest plea involuntarily.

(2) Similarly, Greenwell makes no showing of a colorable claim that he received ineffective assistance of counsel because Attorney Fernandez allegedly falsely claimed to have reached a plea agreement if Greenwell would plead no contest. Greenwell fails again to demonstrate the withdrawal or substantial impairment of a meritorious defense.

An allegation that counsel made a false promise of a plea agreement may be overcome by a court-initiated colloquy at

---

[2] Greenwell contends that counsel would have learned that the CW (1) never saw Greenwell steal his property and (2) could not identify Greenwell with 100% certainty as the person he saw at the scene on the day of the incident, and that Greenwell had an alibi witness who would have testified that Greenwell (3) did not enter the CW's car, but (4) had found the items in the parking lot as he left the store. As to claims (1) and (2), Attorney Fernandez might have learned the information from any number of sources including his client or the June 26, 2007 transcript of his client's preliminary hearing. Consequently, even if we assume that Attorney Fernandez failed to interview the CW, Greenwell fails to raise a colorable claim that such an omission had any consequence or, therefore, amounted to ineffective assistance. As to claims (3) and (4), where an ineffective assistance claim is based on counsel's failure to obtain a witness, the defendant must produce affidavits or sworn statements describing the testimony of the proffered witness. *State v. Richie*, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998). Greenwell produced no such declaration from the purported alibi witness.

the change-of-plea hearing. *See D'Ambrosio v. State*, 112 Hawai'i 446, 459-60, 146 P.3d 606, 619-20 (App. 2006). At the time that he entered his amended plea, in response to the court's inquiries, Greenwell assured the Circuit Court that no one had made any promises to him, he was not pleading as part of any plea agreement, he was facing a maximum penalty of five years imprisonment and a $10,000 fine, he was eligible to be sentenced to an extended term of imprisonment of ten years for each count for a total of thirty years imprisonment, he was facing a mandatory minimum term of imprisonment of twenty months before he was eligible for parole, if he subsequently did not like the sentence he could not change his mind and ask for a trial, the Circuit Court made no promises as to what his sentence might be, and that, nevertheless, he wanted to plead no contest.

Under the circumstances, we conclude that no colorable claim was established that Greenwell entered his no contest plea involuntarily.

(3) The Circuit Court did not err in failing to explicitly ask Greenwell whether, in changing his plea, he was acting pursuant to a plea agreement. Although "it is incumbent on all trial judges to strictly conform to the guidelines provided in HRPP Rule 11 . . . [t]his does not mean that trial judges must resort to a ritualistic litany in determining the voluntariness of a nolo contendere plea." *State v. Cornelio*, 68 Haw. 644, 647, 727 P.2d 1125, 1127 (1986) (citation omitted); *cf. State v. Aeto*, 105 Hawai'i 257, 261, 96 P.3d 586, 590 (App. 2004) (mere fact that the court did not comply with all of the requirements of HRPP Rule 11 is not proof of manifest injustice on HRPP Rule 32(d) motion to withdraw plea).

Greenwell argues that the Circuit Court erred because it "failed to ask Petitioner if his willingness to Plead No Contest resulted from any Plea Agreement[.]" The Circuit Court, however, implicitly addressed the issue during its colloquy with Greenwell and explicitly addressed the issue in the Form, about which it then orally questioned Greenwell.

During the change-of-plea hearing, the Circuit Court asked Greenwell: "Has anyone made any promises to you?"

Greenwell responded "No, sir." In addition, the court and Greenwell discussed Greenwell's answers on the Form. Specifically, Greenwell affirmed in paragraph 8 that "I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows . . . : NONE." The court asked Greenwell if the Form included his signature, if he had reviewed the Form with his attorney before signing it, and if he had read and understood the Form. Greenwell answered yes to each question. The court asked if Greenwell had any questions about the Form, and Greenwell said that he did not.

Taken together, the Form and the Circuit Court's inquiry in open court satisfied the court's obligations under HRPP Rule 11(d). Therefore,

IT IS HEREBY ORDERED that the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on November 8, 2010, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 9, 2011.


On the briefs:

Jason S. Greenwell,
Pro Se Petitioner-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5